UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EMILY JOHNSON, | Case No.: 3:11-CV-432-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SCOTT GIBSON and ROBERT STILLSON, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Presently before the court is a cost bill filed by defendants Scott Gibson ("Gibson") and Robert Stillson ("Stillson") (collectively "Defendants"). Defendants seek to recover a total of $6,514.48 in costs from plaintiff Emily Johnson ("Johnson"). Johnson opposes the imposition of any costs based on her financial status and inability to pay, as well as the considerable merit of her

Page 1 - OPINION AND ORDER                                                             *{SIB}*

case and her good faith in bringing the action. Alternatively, Johnson objects to the reasonableness of many of the requested costs. The court finds[1] that Johnson in financially unable to bear the burden of Defendants' costs and denies Defendants' cost bill in its entirety.

*Background*

Johnson filed a negligence action against Defendants seeking to recover damages for injuries she sustained while jogging in Tom McCall Waterfront Park. Defendants, employees of the City of Portland, were responsible for the conditions that resulted in Johnson's injuries. The court denied Defendants' motion to dismiss for lack of diversity jurisdiction on August 3, 2011, finding that Johnson was domiciled in the State of Washington at the time she filed this action. *Johnson v. Gibson*, No. 3:11-CV-00432-AC, 2011 WL 3359974 (D. Or. Aug. 3, 2011). Then, on January 14, 2013, the court granted summary judgment in favor of Defendants. *Johnson v. Gibson*, No. 3:11-CV-432-AC, 2013 WL 145812 (D. Or. Jan. 14, 2013). The court found, as a matter of first impression, that Defendants were properly characterized as "owners" under Oregon's Public Use Land Act and entitled to protection under the Act, and that providing immunity to Defendants under the Public Use Land Act did not violate the "remedy clause" found in Article I, section 10, of the Oregon constitution. Defendants filed their cost bill on January 28, 2013.

*Legal Standard*

The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920, and include:

(1)  Fees of the clerk and marshal;

---

[1] The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

Page 2 - OPINION AND ORDER                                                                                    {SIB}

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1)(2012). This rule creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See, e.g. Ass'n of Mexican- American Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000)(en banc)(if disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)(district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 633 F.3d 1218, 1221 (9th Cir. 2011); *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.3d 175, 177 (9th Cir. 1990)(per curiam), and even if a party satisfies the definition of prevailing party, the district court retains broad discretion to decide how much to award, if anything. *Farrar v. Hobby*, 506 U.S. 103, 115-16 (1992). *See also Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002)(trial judge has wide discretion in

awarding costs under FRCP 54(d)(1)). In exercising this discretion, the court may consider the amount of costs involved; a plaintiff's ability to pay the costs, including the possibility that the award may leave the plaintiff indigent; and the potential chilling effect on any future civil rights litigants if the costs were imposed. *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Additionally, a finding that the issues in the case were close and complex may provide further justification for the denial of costs. *Mexican- American Educators*, 231 F.3d at 593. Ultimately, it is "incumbent upon the losing party to demonstrate why the courts should not be awarded." *Id*.

*Discussion*

In a declaration filed with her objections to Defendants' cost bill, Johnson, who is legally blind, represents that she is unemployed and that her sole source of income is social security disability benefits of $1,000 per month. (Johnson Decl. ¶ 3.) She lives in a rented apartment with her new husband and baby, and has no assets other than an older-model, specially-equipped computer for legally blind individuals which has a value of less than $3,000. (Johnson Decl. ¶¶ 3, 7.) Johnson represents that all of the costs incurred by her in this action have been advanced by her attorney and that liens have been filed against her for medical costs not covered by medical insurance. (Johnson Decl. ¶¶ 4-5.)

The court finds that an award of costs against Johnson would be unduly burdensome in light of her limited financial resources, her disability, and her injuries. While the amount requested by Defendants appears reasonable by federal litigation standards, it represents a significant financial burden for Johnson, especially when viewed in light of her pending financial obligations to her attorney and medical providers resulting from the accident. In addition, Johnson's negligence claim against Defendants raised close and complex novel issues requiring construction of Oregon's

constitution and statutes. Under the circumstances, the court exercises its discretion to deny an award of costs to Defendants.

## Conclusion

Defendants' cost bill in the amount of $6,514.48 is DENIED.

DATED this 8th day of April, 2013.

                                              /s/ John V. Acosta
                                              JOHN V. ACOSTA
                                      United States Magistrate Judge